IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID ALLAN VAN VELZER, JR.,

        Petitioner,        Civil No. 05-502-HO

        v.        ORDER

RAYMOND ANDREWS, et al.,

        Respondents.
_____

HOGAN, District Judge.

    Petitioner is a federal inmate in the custody of the Bureau of Prisons (BOP), pursuant to convictions in the District of Nevada. On September 14, 2004, petitioner was transferred from the federal correctional institution located at Taft, California (a BOP contract facility) to FCI Sheridan.

    On April 11, 2005, petitioner filed a petition under 28 U.S.C. § 2241 alleging matters having to do with his incarceration at the Taft facility. Petitioner subsequently filed an amended petition and on January 3, 2006, petitioner

1 - ORDER

filed a Second Amended Petition (#47).

Petitioner's Second Amended Petition alleges the "Issues Presented" as follows:

> 1.) Did Mr. Andrews have personal jurisdiction and a 'detainer' used to detain (petitioner) ... and what is/was petitioner's liability, if any?
>
> 2.) Can Mr. Andrews issue an incident report ... that fails to properly identify petitioner within 24 hours of the incident, pursuant to B.O.P. rules/regulations and fails to describe that petitioner had violated Code 307/Refusing to obey an order of any staff member; and Code 312/Insolence toward a staff member, which based on the record, contains false/fraudulent information according to other WCC/GEO employees."

Amended Petition (#47) p. 3.

Petitioner's first issue challenges Warden Andrew's "personal jurisdiction" or authority to detain petitioner from April 18, 2002 until September 15, 2004 (the time period of petitioner's incarceration at FCI Taft) and can only be construed as a challenge to his conviction.[1]

A federal prisoner challenging the legality of his or her conviction or sentence must file a must file a Motion to Vacate, Correct, or Set Aside Judgment in the district of conviction. 28 U.S.C. § 2255; <u>Tripati v. Henman</u>, 834 F.2d 1160, 1162 (9th Cir. 1988)

Petitioner's second claim alleges that his due process

---

[1] The record indicates that petitioner reported to the BOP on April 18, 2002 to begin serving a 97 month sentence for wire fraud and money laundering activities. Petitioner was not in custody of the BOP based on a detainer.

2 - ORDER

rights were violated in connection with a disciplinary hearing and sanction at FCI Taft.

The record reflects that on June 24, 2004, petitioner was involved in an incident at FCI Taft in the dental facility. As a result of that incident, petitioner was issued two violations of BOP rules. After an investigation and hearing, a disciplinary committee found that petitioner had committed the prohibited acts and sanctioned petitioner with the loss of quarters privileges for 90 days and the loss of one month phone privileges.

Under Sandin v. Conner, 515 U.S. 472 (1995) prisoner's have a liberty interest only when physical restraints impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See also, Hewitt v. Helms, 459 U.S. 460 (1983); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995).

The minor sanction imposed on petitioner in this case - the temporary loss of privileges, did not impose an "atypical" or "significant hardship" on plaintiff.

Assuming that petitioner had a liberty interest in his phone or "quarter" privileges, I find based on the record before the court that he was afforded due process at his disciplinary hearing.

Due process requirements for an inmate at a disciplinary

3 - ORDER

hearing were established in Wolff v. McDonnell, 418 U.S. 539, 560 (1979) as follows.  The inmate must (1) have an opportunity to appear before the decision making body, (2) have staff representation if he wishes, (3) have written notice of the charge against him in advance of the hearing;, (4) have conditional opportunity to present witnesses and documentary evidence, and (5) have a written statement of the evidence relied upon and the reasons for the sanction taken. Wolff v. McDonnell, supra at 563-73; see also, Meachum v. Fano, 427 U.S. 215 (1976) Sandin v. Conner, supra, and 28 CFR 541.15 (a) - (c).  Judicial review of a prison disciplinary action is limited to whether the requirements set forth in Wolff v. McDonnell were met and whether there is "some" evidence to support the finding. Superintendent v. Hill, 472 U.S. 445. 454 (1985).

In this case, petitioner has not alleged any specific due process violation.  Petitioner's only argument in support of his due process claim is that the disciplinary report contained "false and fraudulent" information.

I find that petitioner was afforded constitutionally adequate due process in connection with his disciplinary sanction and that there was "some evidence" support the committee's finding that petitioner committed the rule violations.

4 - ORDER

In any event, the sanctions imposed on petitioner expired on September 30, 2004 and did not effect petitioner's release date and are not presently having any effect on him. Therefore, any claim arising from the alleged violation of petitioner's constitutionally protected due process rights is moot.  See, Mujahid v. Daniels, __ F.3d __, 2005 W.L. 1522808 (9th Cir. 2005).

Petitioner Second Amended Petition (#47) is denied.  This proceeding is dismissed.

DATED this __12th__ day of June, 2006.

                              s/ Michael R. Hogan
                              Michael R. Hogan
                              United States District Judge

5 - ORDER